UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT ANTHONY TRANI, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 04-0399 (RCL) |
| UNITED STATES JUSTICE DEPARTMENT, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION

In this action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, plaintiff challenges the Department of Justice's response to his request in December 2002 for records pertaining to his criminal conviction. In addition to the agency, plaintiff names as defendants the following DOJ components: Criminal Division and the Executive Office for United States Attorneys ("EOUSA").[1] Defendant moves to dismiss the case pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that plaintiff has failed to exhaust his administrative remedies. Upon consideration of the parties' submissions and the entire record, the Court will grant defendant's motion to dismiss.

---

[1] Because a FOIA lawsuit is properly brought against federal agencies, the Court will substitute the DOJ as the real party in interest and will hereafter refer to defendant in the singular.

I.  STANDARD OF REVIEW

Because the Court is relying on matters beyond the pleadings, it will analyze defendant's Rule 12(b)(6) motion under the standards for summary judgment.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986).  In a FOIA action, the Court may award summary judgment to an agency solely on the information provided in affidavits or declarations when the affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

II.  DISCUSSION

In response to plaintiff's FOIA request, defendant, by letter of February 26, 2004, notified plaintiff that it had located responsive records, some of which were available for release.  It also informed plaintiff about its decision to withhold some records in their entirety and to refer others to offices from which they originated.  Defendant assessed a processing fee of $87.80 and informed plaintiff about his appeal rights. Deft's Ex. C.[2]

---

[2]  Unless otherwise stated, defendant's exhibits are attached to its motion to dismiss.

Defendant asserts that plaintiff has not exhausted his administrative remedies in two respects, namely, that he failed to administratively appeal the EOUSA's initial determination partially denying him responsive records and failed to pay (or commit to paying) the assessed fee.[3]  Both omissions are grounds for dismissal for failure to exhaust.  *See Oglesby v. U.S. Dep't of Army,* 920 F.2d 57, 61-66 (D.C. Cir. 1990); *accord Hidalgo v. Federal Bureau of Investigation*, 344 F.3d 1256, 1257-60 (D.C. Cir. 2003).

Plaintiff does not dispute defendant's claims in his initial opposition.  In a sur-reply, however, he counters that "in two of several letters dated December 24, 2004 and December 17 2003 'request of Administrative Appeal Process/Status of Requested Documents' to no av[ai]l." Plaintiff's Response to Defendants Reply of Opposition to Dismiss at 2 (citing Pltf.'s Exhibits 3-4).[4]  The December 2003 letter does not establish plaintiff's exhaustion because it was written before defendant's initial determination in February 2004.[5]  *See Oglesby*, 920 F.2d at 65 (describing an agency response "sufficient for purposes of requiring an administrative appeal").  The December 2004 letter, submitted during this litigation, does not advance plaintiff's position because exhaustion is required *before* the filing of a lawsuit.  *Oglesby,* 920 F.2d at 61.  Plaintiff also counters that he "did in fact request a fee waiver initially accompanying original project

---

[3]  The initial assessment was subsequently reduced to $25.00.  Deft.'s Ex. D (Declaration of John W. Kornmeier ¶ 9).

[4]  In his opposition filed in August 2004, plaintiff claims that he had not received the records defendant avers were sent to him.  He acknowledges in his sur-reply that he received the records in September 2004.

[5]  Defendant acknowledged plaintiff's request in January 2003, 15 months before the initiation of this lawsuit in March 2004.  Plaintiff therefore cannot proceed here on a theory of constructive exhaustion.  *See Oglesby,* 920 F.2d at 63 ("an administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed.").

request." Pltf.'s Sur-Reply at 3. The FOIA request makes no mention of a fee waiver, *see* Deft.'s Ex. A, and plaintiff has not cited to any other document in the record containing such a request. "Exhaustion does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby,* 920 F.2d at 65. The Court finds that plaintiff has not exhausted his administrative remedies and therefore will grant defendant's motion to dismiss for failure to state a claim upon which relief may be granted.[6]

          _____s/s_____
          Royce C. Lamberth
Date: July 22, 2005           United States District Judge

---

[6] A separate Order will issue contemporaneously.